```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JOHN SMITH and
DAWN SMITH,

    Plaintiffs,


v.                                      CIVIL ACTION NO. 2:09-CV-710


GREEN TREE SERVICING, LLC,
GREEN TREE FINANCIAL CORPORATION,
CONSECO FINANCE SERVICING CORP.,
and JOHN DOE,

    Defendants.


## MEMORANDUM OPINION AND ORDER

Pending are defendant Green Tree Servicing, LLC's ("Green Tree Servicing") motions (1) to compel arbitration of plaintiff John Smith's claims and to dismiss those claims or, in the alternative, to stay those claims pending arbitration and to stay plaintiff Dawn Smith's claims pending arbitration ("motion to compel"), filed June 29, 2009, (2) to strike plaintiff John Smith's notice of voluntary dismissal[1], filed September 28, 2009; and plaintiff Dawn Smith's motion to strike as moot the motion to compel, filed September 25, 2009.

---

[1]The notice of voluntary dismissal was submitted prior to any party defendant filing either an answer or summary judgment motion in the case.

I.

Plaintiffs John and Dawn Smith live in Fayette County, West Virginia. Green Tree Servicing is a Minnesota corporation. In April 2002, John Smith purchased a manufactured home from the Home Show-Beckley, Inc. The home was financed by a promissory note with defendant Conseco Finance Servicing Corp. The note was signed by John Smith alone. Conseco assigned the note to Green Tree Servicing.

John Smith became delinquent on his payments. Green Tree Servicing subsequently instituted collection activities against him, including (1) calling the Smith home and mobile telephones; (2) calling John Smith at his place of employment, even after the Smiths requested that it desist; (3) speaking to John Smith's supervisor about the debt; (4) calling Dawn Smith's mother and children, discussing the alleged debt with them, and making disparaging remarks to them about the Smiths; (5) threatening legal action, including eviction; and (6) attempting to collect an alleged debt from Dawn Smith which she did not owe.

On May 18, 2009, the Smiths instituted this action in the Circuit Court of Fayette County. They allege (1) violations of the West Virginia Consumer Credit Protection Act ("WVCCPA")

(Count One), (2) invasion of the right to privacy ("Count Two"), (3) intentional infliction of emotional distress ("Count Three"), and (4) negligent training and supervision ("Count Four"). On June 22, 2009, Green Tree Servicing removed, alleging diversity and federal question jurisdiction. (Notice of Removal 1, 3).

On June 29, 2009, Green Tree Servicing moved to compel arbitration of or dismiss or, alternatively, to stay, John Smith's claims. Conceding that Dawn Smith's claims were not subject to the arbitration provision in the contract inasmuch as she did not sign the document, Green Tree Servicing additionally sought to stay her claims pending the arbitration of John Smith's claims.

On July 29, 2009, the Smiths responded that the arbitration clause is unenforceable as an unconscionable accord. Among other criticisms, they asserted that (1) defendants have absolute control over the pool of arbitrators, and (2) the arbitration agreement does not address the costs of the arbitration. The Smiths also contend that Dawn Smith's claims should not be stayed inasmuch as she is pursuing her own separate claims which are not arbitrable.

Following the August 10, 2009, reply by Green Tree Servicing on the arbitration dispute, John Smith, on August 13, 2009, purported to notice the voluntary dismissal of his claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  The same day, Dawn Smith noticed the mootness of Green Tree Servicing's motion to compel based upon her spouse's perceived immediate departure from the case.[2]

On September 11, 2009, Green Tree Servicing moved to strike John Smith's notice of voluntary dismissal and Dawn Smith's notice of mootness.  Green Tree Servicing asserts that John Smith cannot voluntarily dismiss his claims against the defendants inasmuch as Rule 41(a)(1)(A) only allows for the voluntary termination of an action in its entirety and not certain claims or parties.  Green Tree Servicing additionally contends that John Smith is an indispensable party inasmuch as he alone signed the contract in this case and Dawn Smith lacks standing as a "consumer" under the WVCCPA.

On September 28, 2009, Dawn Smith responded to Green Tree Servicing's motions to strike.  She notes Green Tree

---

[2]The same day, Dawn Smith moved to strike as moot Green Tree Servicing's motion to compel.  She contends that John Smith's voluntary dismissal is effective inasmuch as defendants have as yet not answered nor moved for summary judgment.

Servicing's initial willingness in its motion to compel to separate the Smiths' claims through the arbitration of John Smith's allegations.  She further asserts that she has independent claims, separate and apart from those of her spouse, that she wishes to litigate based upon the harassing and inappropriate calls defendants made to her directly.  She additionally contends that a majority of the United States Courts of Appeals to address the question have permitted the dismissal of certain claims and parties, without dismissal of the entire action, under Rule 41(a)(1)(A)(i).

II.

A.   Authority for John Smith's Voluntary Dismissal of his Claims

Courts have sanctioned several means for adding and eliminating parties in cases where, as here, neither an answer nor a summary judgment motion has been filed in the case.  The first method that has gained some acceptance is resort to Rule 41(a)(1)(A)(i), which provides pertinently as follows: "[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either

5

an answer or a motion for summary judgment. . . ." Fed. R. Civ. P. 41(a)(1)(A)(i).  Compare, e.g., Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 108 (2nd Cir. 1953) (suggesting that Rule 41(a)(1)(A)(i) is designed to dismiss actions in their entirety rather than individual claims or, presumably, only certain parties)[3], with Johnston v. Cartwright, 355 F.2d 32, 38 (8th Cir. 1966) ("We would be inclined to favor, however, the liberality of the contrary view [of allowing courts to use Rule 41 to dismiss parties] espoused in other cases and typified by Professor Moore as 'the better view.'"); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice.") (Mehrige, D.J.); Plains Growers, Inc. ex. rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973).[4]

---

[3]There is authority in this district supportive of the position espoused in Harvey Aluminum.  See Bragg v. Robertson, 54 F. Supp.2d 653, 660 (S.D. W. Va. 1999)("For instance, on its face Rule 41(a)(2) is an appropriate mechanism only when a plaintiff seeks to dismiss an entire action as against a defendant.").

[4]There is added complexity when one considers that the courts of appeal have been less receptive to the peremptory dismissal of only certain claims, as opposed to parties, in a case.  See, e.g., Gobbo Farms & Orchards v. Poole Chemical Co.,
(continued...)

The second method relied upon for early dismissal of only certain parties, and their claims, from an action is Rule 21, which provides pertinently as follows: "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  Those courts requiring resort to Rule 21 would not permit a plaintiff to unilaterally sever parties from the action in unfettered fashion; rather, under Rule 21, leave of court, or sua sponte action by the court, is required.  See 6 Charles A. Wright et al., Federal Practice & Procedure § 1479 (2nd ed. 1990) (citing cases).

The third method is utilization of the procedures outlined in Rule 15(a).[5]  At the relevant time in this action,

---

[4](...continued)
Inc., 81 F.3d 122 (10th Cir. 1996); Berthold Types Ltd. v. Adobe Systems Inc., 242 F.3d 772 (7th Cir. 2001).  The instant case is a hybrid of sorts, involving a partial dismissal of claims in one sense inasmuch as John Smith's claims would go out of the case along with the party prosecuting them, leaving behind only those claims advanced by the remaining party plaintiff, Dawn Smith.

[5]Rule 15(a) was amended effective December 1, 2009.  It now provides as follows:

    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

        (A) 21 days after serving it, or

        (B) if the pleading is one to which a responsive pleading is required, 21 days

(continued...)

Rule 15(a) provided pertinently as follows:

> (a) Amendments Before Trial.
>
>> (1) <u>Amending as a Matter of Course</u>. A party may amend its pleading once as a matter of course:
>>
>>> (A) before being served with a responsive pleading . . . .
>>
>> (2) <u>Other Amendments</u>. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Our court of appeals recently discussed the application of Rule 15(a) in a situation where a unilateral amendment affects the parties to the action. In <u>Galustian</u>, the court of appeals

---

[5](...continued)
  after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). In recently noting the rule amendment, our court of appeals nevertheless observed that its analysis in that case "correspond[ed] only to the version of Rule 15(a) in effect at the time of [the movant's] motion to amend, [filed prior to the Rule 15(a) amendment, in] March 2008." <u>Galustian v. Peter</u>, 591 F.3d 724, 730 n.4 (4th Cir. 2010). The court thus confines its analysis to the version of Rule 15(a) in effect at the time that the parties' briefing concluded, which predates the December 1, 2009, amendment.

stated as follows:

> In this case, Peter had not yet filed a responsive pleading, as a motion to dismiss is not considered responsive. Galustian then had a right to amend his complaint, with or without leave of the court to do so. Peter contends that parties do not have an absolute right to amend their pleadings when the amendment seeks to add a party. According to Peter, such an amendment should be governed not by Rule 15, but by Rule 21, which addresses the joinder and misjoinder of parties. While some courts have concluded that Rule 15(a) does not apply to amendments seeking to add parties, most courts, including this one, have concluded otherwise.

Galustian, 591 F.3d at 730 (citations omitted).

There does not seem to be any basis for limiting the rule in Galustian to the situation where, as there, only a party defendant is added. Allowing the use of Rule 15(a) to drop, or add, claims against parties on either side of the adversarial divide seems appropriate, at least where no prejudice results and the party dropped is not indispensable.

The pragmatic and sensible approach employed by the decision in Galustian has even broader support from the principal commentators on the Federal Rules of Civil Procedure:

> There are other reasons for allowing amendments that <u>change or alter parties</u> to be made as of right under the terms of Rule 15(a). The theory behind the provision for amendments as of course is that the court should not be bothered with passing on amendments to the pleadings at an early stage in the proceedings when the other parties probably will not be prejudiced by any modification. There is no reason why these same considerations should not apply <u>to a change in parties</u> as well as to any other amendment as of course.

> Moreover, the amendment of Rule 15(c) in 1966, providing for the relation back of amendments changing parties, impliedly sanctions the view that <u>parties may be changed by a Rule 15 amendment</u>, including one without leave of court when it is accomplished before a responsive pleading has been filed.

Wright <u>et</u> <u>al.</u>, <u>supra</u> § 1479 (emphasis added).

Based upon the foregoing discussion, and without resolving any perceived conflict between the Rules discussed, it appears that John Smith is entitled as a matter of course to discontinue the prosecution of this action as to those claims belonging to him alone. The only barrier to doing so, as noted, would be a finding of his indispensability under Rule 19, inasmuch as the court discerns no prejudice otherwise to defendants as a result of his proposed departure from this action.[6]

B.  Indispensable Party Analysis

Rule 19 governs the required joinder of parties to an action. It provides pertinently, at Rule 19(a), as follows:

---

[6] In the event that John Smith was somehow prevented by any of the aforementioned Rules from acting unilaterally in achieving his dismissal, the court would in any event permit the Rule 15(a) pleading amendment required to achieve that result. (<u>See</u> (Pls.' Resp. to Def.s' Mot. to Str. Not. of Volun. Dis. at 5 ("[S]hould the Court agree that Rule 41(a) cannot be used by plaintiff John Smith, the Court should, as Defendant's motion implies, treat the motion as one to amend under Rule 15.")).

>    (1) Required Party. A person who is subject to service
>    of process and whose joinder will not deprive the court
>    of subject-matter jurisdiction must be joined as a
>    party if:
>
>    >    (A) in that person's absence, the court
>    >    cannot accord complete relief among existing
>    >    parties; or
>    >
>    >    (B) that person claims an interest relating
>    >    to the subject of the action and is so
>    >    situated that disposing of the action in the
>    >    person's absence may:
>    >
>    >    >    . . . .
>    >    >
>    >    >    (ii) leave an existing party
>    >    >    subject to a substantial risk of
>    >    >    incurring double, multiple, or
>    >    >    otherwise inconsistent obligations
>    >    >    because of the interest.

Fed. R. Civ. P. 19(a).

In determining a party's indispensability, Rule 19 usually contemplates a two-step inquiry, examining: (1) whether the party is "necessary" to the action under Rule 19(a); and (2) whether the party is "indispensable" under Rule 19(b).  <u>American General Life and Acc. Ins. Co. v. Wood</u>, 429 F.3d 83, 92 (4th Cir. 2005) (citing <u>National Union Fire Ins. Co. v. Rite Aid of South Carolina, Inc.</u>, 210 F.3d 246, 249 (4th Cir. 2000)).  Our court of appeals has additionally observed as follows:

>    When an action will affect the interests of a party not
>    before the court the ultimate question is this: Were
>    the case to proceed, could a decree be crafted in a way
>    that protects the interests of the missing party and

>     that still provides adequate relief to a successful
>     litigant?

Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 918 (4th Cir. 1999) (citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 112 n.10 (1968)).  "A court must examine the facts of the particular controversy to determine the potential for prejudice to all parties, including those not before it."  Id. (citing Schlumberger Indus., Inc. v. National Sur. Corp., 36 F.3d 1274, 1285-86 (4th Cir.1994)).  The burden of proof rests upon the party who raises the defense.  American General Life, 429 F.3d at 92 (citing 7 Charles Alan Wright et al., Federal Practice & Procedure § 1609 (3d ed.2001)).

Green Tree Servicing asserts that, in John Smith's absence, the court cannot accord complete relief to it in accordance with Rule 19(a)(1)(A).  Green Tree Servicing also asserts that it would be subject to a substantial risk of incurring further obligations following judgment in this civil action based on the same factual allegations under Rule 19(a)(1)(B)(ii).

Contrary to these assertions, the Smiths are properly seen as having separate claims.  This is confirmed at multiple points in their briefing of the instant issues:

> Dawn Smith seeks only to litigate claims arising out of the calls made directly to her. She individually brings no claims arising out of calls made to John Smith. Nor does she seek to bring claims arising out of the contract between John Smith and Greentree. At the end of this action, this Court may rule that Defendants were entitled to make calls to Dawn Smith. The answer to that question does not answer the question as to whether they were entitled to make calls to John Smith.

(Pls.' Resp. to Def.s' Mot. to Str. Not. of Volun. Dis. at 2).[7]

This separateness strongly indicates that the court can accord complete relief in John Smith's absence, without disadvantaging Green Tree Servicing in any way.  The conclusion also impacts the contention that Green Tree Servicing may face inconsistent obligations as a result of John Smith's departure from this action.  It does not appear that any issue in the case as to either plaintiff will be litigated twice.  Indeed, if John Smith chooses to arbitrate his claim, as Green Tree Servicing advocated initially, no risk of two civil actions arises at all. Inasmuch as the separate plaintiffs have entirely distinct claims, the court discerns no Rule 19 or other obstacle to John Smith's proposed exit from this case.[8]

---

[7]It is noteworthy that Green Tree Servicing first suggested, in its motion to compel, that the Smiths' claims could properly be severed from one another.

[8]In the event that subsequent developments necessitate the joinder of John Smith under Rule 19, Green Tree Servicing may move for that relief.

**III.**

Based upon the foregoing analysis, the court ORDERS as follows:

1. That John Smith's proposed, unilateral dismissal of his claims be, and it hereby is, deemed appropriate, and John Smith is hereby dismissed as a party to this action;

2. That Dawn Smith be, and she hereby is, directed to file no later than March 26, 2010, an amended complaint setting forth those claims that she alone intends to pursue[9];

3. That Green Tree Servicing's motion to strike John Smith's notice of voluntary dismissal be, and it hereby is, denied;

4. That Green Tree Servicing's motion to compel be, and it hereby is, denied as moot; and

5. That Dawn Smith's motion to strike as moot Green Tree Servicing's motion to compel be, and it hereby is denied as moot;

---

[9]Green Tree Servicing contends that Dawn Smith lacks standing to pursue a claim under the WVCCPA. If Dawn Smith pursues the WVCCPA claim in her amended pleading, Green Tree Servicing may raise its challenge anew pursuant to Rule 12(b)(6).

14

The Clerk is requested to transmit this written opinion and order to all counsel of record and to any unrepresented parties.

DATE: March 18, 2010

John T. Copenhaver, Jr.
United States District Judge

15